**Diane JAMIERSON, Marvin Jamierson and Diane Jamierson as next friend for Mark Jamierson, Plaintiffs-Appellants,**

v.

**Virginia & Luther DALE, d/b/a Dale's Academy, and Jeanne Halcheck, Defendants-Respondents.**

**No. WD 34663.**

Missouri Court of Appeals, Western District.

May 9, 1984.

Steven J. Streen and Lonnie W. Harris, Kansas City, for plaintiffs-appellants.

John Ashcroft, Atty. Gen., and William F. Arnet, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

The trial court granted summary judgment against plaintiffs in favor of defendant Halcheck in a suit for damages for personal injuries growing out of plaintiffs' preschool son's fall from a seesaw while attending Dale's Academy. The plaintiffs have appealed. The judgment is affirmed.

Plaintiffs' son was enrolled at Dale's Academy at 6242 Swope Parkway in Kansas City. On May 21, 1974, he is alleged to have fallen from a seesaw on the Academy playground, sustaining certain injuries. One of the causes of the injuries was al-

leged to be that the area under the seesaw from which he fell was a hard, non-resilient substance. A regulation of the Missouri Division of Family Services required of licensed day care centers, of which Dale's Academy was one, that the area under playground equipment from which children might fall be surfaced with a resilient material "such as sand, grass, tanbark, rubber matting and the like." 13 C.S.R. 40-63.-040.3 E. The regulation had been adopted by the Missouri Division of Family Services under the authority of § 210.221, RSMo 1969.

The action was brought against the proprietor of Dale's Academy and defendant Halcheck, but the claim against Dale's Academy had been settled and the action dismissed as to that defendant. The lawsuit proceeded against defendant Halcheck.

Defendant Halcheck was a "Day Care Program Representative" in the employ of the Division of Family Services. Among her duties was the duty to inspect licensed day care centers—of which Dale's Academy was one, as we have already noticed—for their compliance with the licensing regulations. She made these inspections from time to time during a period of years before the fall and the resultant injuries which are involved in this lawsuit, which occurred on May 21, 1974. When these inspections were made she observed that the area under the seesaw was not of a resilient material, as required by the regulations. It is not clear whether she noted this violation in her written reports (these reports were apparently in the trial court file, but they have not been furnished to us). In any case she had recommended the issuance of the license under which Dale's Academy was operating at the time of the fall and had taken no measures to revoke the license. Plaintiffs' claim against Halcheck is based upon her failure to perform her duties of inspection and enforcement. Halcheck claims her duties were "public duties", the omission or negligent performance of which gave plaintiffs no remedy against her.

■ The "public duty" rule denies a civil action against public employees for damages for negligence arising out of duties owed to the public at large. *Sherrill v. Wilson*, 653 S.W.2d 661, 669 (Mo. banc 1983).

■ The statutes and regulations here involved, insofar as they place a duty of enforcement upon defendant Halcheck, prescribe a duty to the public at large. Plaintiffs argue that the statutes and regulations here involved were meant for the benefit of a limited class, namely, children attending day care centers, and that defendant Halcheck's duties ran to that limited class rather than to the public at large. They attempt by this argument to take this case out of the public duty rule.

Defendant Halcheck's duty, however, was not to that discrete class of children attending day care centers. It may be that violation of the regulation by Dale's Academy would be evidence of negligence in a suit against it for injuries to a child attending the Academy. *See Albers v. Church of the Nazarene*, 698 F.2d 852, 856 (7th Cir. 1983); *Price v. Manistique Area Public Schools*, 54 Mich.App. 127, 220 N.W.2d 325, 328 (1974). But that is not to say that the duty of inspection and enforcement placed upon defendant Halcheck was a duty running toward the same limited class. Her duty was not to the children; it was to her employer, the State of Missouri. It was a public duty, a duty to the public at large.

The public duty rule is firmly entrenched in Missouri decisions. The rule has then been clinched by *Sherrill v. Wilson,* supra, which considers the decisions of our own state and those of other jurisdictions to conclude that the public interest is best served by the rule.

Among the cases cited with approval in *Sherrill v. Wilson* is a case very much like the one before us, *Nelson v. Freeman,* 537 F.Supp. 602 (W.D.Mo.1982), *aff'd sub nom. Nelson v. Missouri Division of Family Services,* 706 F.2d 276 (8th Cir.1983). In that case defendant employees of the Division of Family Services were sued for damages for failure to perform their duties to

enforce the child abuse laws. It was alleged that their failure to perform their duties resulted in the death of plaintiffs' child at the hands of one of the alleged abusers. The plaintiffs argued in that case, as do the plaintiffs here, that the statute in question was a "civil statute ... intended primarily to benefit a special class, abused children." It was held, however, that the statutes created no duty toward the plaintiffs on the part of the Division of Family Service employees. Wrote Judge Oliver in the District Court decision:

> Plaintiffs concede that the Missouri Child Abuse statute creates a public duty, but argues that a specific duty to these plaintiffs may be found to exist under the allegations stated in the complaint. The "specific duty to investigate" is said to arise "once a hot line phone call or report is transmitted to the Division of Family Services," and "is triggered for the benefit of the named victims, who in this case were the Nelson children." Clearly, plaintiffs are correct in asserting that once a report has been made, a duty arises to investigate. But the public duty to investigate imposed by the statute does not suffice to establish a specific duty to these plaintiffs as individuals, the breach of which would, under applicable Missouri law, entitle plaintiffs to a private cause of action against the defendant officials and employees of the State of Missouri.

537 F.Supp. at 610–11.

The foregoing cases support Judge Coburn's grant of summary judgment to Defendant Halcheck, and the judgment is affirmed.

All concur.