669 F.Supp. 947 (1987)
THELMA D., et al., Plaintiffs,
v.
BOARD OF EDUCATION OF the CITY OF ST. LOUIS, et al., Defendants.
No. 87-0446C(6).
United States District Court, E.D. Missouri, E.D.
September 14, 1987.
William Edward Taylor, St. Louis, Mo., for plaintiffs.
Neil Bruntrager, Bruntrager, Bruntrager & Billings, Jeffrey J. Lowe, Kenneth C. Brostron, Lashly, Baer & Hamel, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on separate motions to dismiss filed by defendant Board of Education of the City of St. Louis (Board) and defendant Rosalyn Soward (Soward), a school teacher employed by the Board.
*948 Plaintiffs, six female children enrolled in public schools supervised and maintained by the Board, assert claims against defendant Jimmy Tansil (Tansil), also a school teacher employed by the Board, Soward and the Board under 42 U.S.C. § 1983 (§ 1983) for violations of their substantive due process and equal protection rights guaranteed by the fourteenth amendment of the United States Constitution.[1] Plaintiffs allege that Tansil sexually abused them while they were students in his classroom and that the Board and Soward either failed to report such abuse or refused to receive, investigate, act upon or otherwise prevent or rectify the situation.
In passing upon a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 US. at 45-46, 78 S.Ct. at 102.
The facts alleged in plaintiffs' first amended complaint are as follows. Between September 1985 and February 1986, Tansil, intentionally, repeatedly and without the permission of plaintiffs, sexually abused plaintiffs while they were students in his classroom. Such abuse included the fondling, stroking and digital penetration of plaintiffs' genitalia. Tansil would not have abused plaintiffs but for the fact they were female. Due to their youth and immaturity, plaintiffs were unable to resist and protect themselves from Tansil's abuse. The Board, aware Tansil presented a prevasive risk of harm to his students, failed to take any reasonable or meaningful steps to protect them. Indeed it failed to receive, investigate and act upon complaints concerning Tansil's misconduct. In addition, and despite its general knowledge of incidents involving the sexual abuse of students attending its schools, it failed both to develop administrative policies and to provide training for the detection of such incidents. Moreover, neither the Board nor Soward, although aware of Tansil's misconduct, reported Tansil to law enforcement and child protection agencies as they were statutorily required to do. All of the acts and omissions of the Board and Soward were undertaken with "callous and deliberate indifference" to plaintiffs' rights. As a result of defendants' conduct, plaintiffs suffered serious physical, psychological and emotional injuries requiring them to undergo medical and psychological treatment.

A. Board of Education of the City of St. Louis
In support of its motion to dismiss, the Board essentially argues that plaintiffs attempt to impose liability on it for the individual tortious conduct of its employee, Tansil, under the doctrine of respondeat superior. Since a § 1983 claim against a governmental entity cannot be premised on the doctrine of respondeat superior, it argues, plaintiffs' claims should be dismissed as against it. Although the Board's statement of the law is correct, its application of the law to the facts alleged by plaintiffs is not.
Under § 1983, any person who, acting under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution or laws, shall be liable to the person injured...." *949 In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a local government entity is a "person" within the meaning of § 1983. However, it further held that a local governmental entity could not be found liable merely by application of the doctrine of respondeat superior. For liability to attach it must have "cause[d]" the deprivation in question. Id. at 692, 98 S.Ct. at 2036. Accordingly, a local governmental entity cannot be found liable under § 1983 "for an injury inflicted solely by its employees or agents." Id. Rather, it may only be found liable if, when executing an "official policy" or "custom," it is responsible for the injury inflicted. Id. In other words, there must be a causal connection between the misconduct complained of and the governmental entity being sued. See, e.g., Oklahoma v. City of Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 2436-37 n. 8, 85 L.Ed.2d 791 (1985) (requiring "affirmative link" between municipal policy and constitutional violation); Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (municipal policy must be "moving force" behind constitutional violation).
In construing the mandate of Monell and its progeny, the Eighth Circuit Court of Appeals has held that where a § 1983 claim is based on a local governmental entity's alleged failure to prevent misconduct by its employees, the governmental entity is liable only when its officials can be shown to be directly responsible for the improper actions of their subordinates. Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir.1986). The plaintiff must demonstrate "deliberate indifference or tacit authorization [by officials] of the offensive acts by [failure] to take remedial steps following notice of a pattern of such acts by ... subordinates." Id. Accord: Harris v. City of Pagedale, 821 F.2d 499, 504 (8th Cir.1987). Thus, for plaintiffs to state a cause of action under § 1983 against the Board they must demonstrate that the Board had notice of prior incidents of sexual abuse by its employees and had deliberately failed to act on such knowledge. Mere negligent inaction, rather than deliberate indifference, to a pattern of unconstitutional misconduct will not suffice. See Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (negligence does not give rise to a § 1983 claim based on due process violation); Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (same). Moreover, for purposes of determining whether the Board caused the misconduct in question, it is sufficient if plaintiffs demonstrate a need for close and continuing supervision of the Board's employees because of a known pattern of misconduct. Harris, 821 F.2d at 507-08; Baker v. McCoy, 739 F.2d 381, 384-85 (8th Cir.1984); Herrera v. Valentine, 653 F.2d 1220, 1225 (8th Cir.1981).
In their complaint, plaintiffs allege that the Board, notwithstanding its knowledge of Tansil's prior sexual misconduct and its general knowledge of incidents involving the sexual abuse of children in its schools, and in "callous and deliberate indifference" to plaintiffs' rights, adopted a custom[2] of failing to receive, investigate, act upon and otherwise rectify Tansil's sexual abuse of plaintiffs. Moreover, plaintiffs allege that such custom, in light of Tansil's pattern of sexual abuse of plaintiffs, proximately caused their injuries. The Court, mindful of the precedents previously cited, finds that such allegations state a cause of action under § 1983 and are therefore sufficient to survive a motion to dismiss. See also: Brenner v. School District 47, No. 86-1343C(2) (E.D.Mo. Jan. 12, 1987) (a school board, acting with "callous indifference" to an injured party's rights, may be held liable under § 1983 for failure to properly and adequately investigate and otherwise rectify an employee's sexual misconduct). Accordingly, the Board's motion to dismiss is denied.

*950 B. Rosalyn Soward

Plaintiffs' claims against Soward stem from her alleged failure to report her knowledge of Tansil's sexual abuse of plaintiffs to law enforcement and child protective agencies. In Soward's motion to dismiss, Soward contends she owed plaintiffs no duty to report Tansil's alleged sexual misconduct to law enforcement and child protective agencies and can therefore not be held liable to them under § 1983. Plaintiffs' arguments in response are two-fold. First, that Soward, by virtue of Missouri's child abuse reporting statute, did owe plaintiffs a statutory duty to report Tansil's alleged sexual misconduct. Second, and even if the statute created no such duty, Soward, as a teacher, had a common law duty to report or prevent Tansil's alleged sexual abuse of plaintiffs. As the Court finds Soward owed plaintiffs neither a statutory nor a common law duty to report or prevent Tansil's alleged sexual abuse of them, plaintiffs' complaint is dismissed as against her.
Plaintiffs cannot recover against Soward under § 1983 unless Soward owed plaintiffs a duty which she subsequently breached. Generally speaking, there is no duty flowing from one individual to another to protect the other from harm unless the person harmed was put in danger by the other. See, e.g., Jackson v. City of Joliet, 715 F.2d 1200, 1202 (7th Cir.1983); Bowers v. Devito, 686 F.2d 616, 618 (7th Cir.1982). Plaintiffs first contend that the Missouri child abuse reporting statute, contained in Mo.Rev.Stat. §§ 210.110 et seq. (1986), created a duty flowing from Soward to plaintiffs. As explained in Nelson v. Freeman, 537 F.Supp. 602, 605-06 (E.D. Mo. 1982), the purpose of the statute is to encourage the reporting of suspected cases of child abuse to the Missouri Division of Family Services and to ensure the division pursues such reports. Specifically, and insofar as it is pertinent here, the statute mandates that whenever "... any ... teacher, principal or other school official
... has reasonable cause to suspect that a child has been or may be subjected to abuse or neglect or observes a child being subjected to conditions or circumstances which would reasonably result in abuse or neglect, he shall immediately report or cause a report to be made to the [Division of Family Services] in accordance with the provisions of sections 210.110 to 210.165."
§ 210.115(1), Mo.Rev.Stat. (1986).
In determining whether the statute provides child abuse victims with a private cause of action in tort against school officials who fail to report suspected incidents of child abuse, Chief Judge Nangle recently answered in the negative. Doe "A" v. Special School District of St. Louis County, 637 F.Supp. 1138, 1148 (E.D.Mo.1986). In so doing, he observed:
... In the instant case, plaintiffs assert a duty to report created by the Missouri statute. As Judge Oliver held in Nelson, 537 F.Supp. at 607-11, the Missouri child abuse reporting statute creates a duty owed to the general public, not to specific individuals, and consequently the statute does not support a private cause of action in favor of individuals. Therefore, to the extent plaintiffs rely upon the Missouri statute they fail to state a cause of action....
Id. (citations omitted). Plaintiffs seek to avoid the result reached in Doe "A" by distinguishing between duties created by the Constitution and those created by tort law. However, plaintiffs fail to cite any authorities for such a distinction (and this Court knows of none). Indeed, as Justice Douglas observed in Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), "[§ 1983] should be read against the background of tort liability. ..." Accordingly, the Court finds that the Missouri child abuse reporting statute does not create a duty flowing from Soward to plaintiffs.
Plaintiffs next contend that Soward, as a teacher, had a common law duty to act upon her alleged knowledge of Tansil's sexual abuse of plaintiffs and to report or prevent him from so abusing them. In support of their contention, plaintiffs refer to the landmark case of Byrd v. Brishke, 466 F.2d 6 (7th Cir.1972). In Byrd the *951 Seventh Circuit Court of Appeals held that a nonsupervisory police officer could be found liable under § 1983 for standing by while another police officer beat a third person in his presence:
We believe it clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence. That responsibility obviously obtains where a nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of their duty to enforce the laws and preserve the peace.
Byrd, 466 F.2d at 11. The Eighth Circuit Court of Appeals has adopted, and indeed extended, the duty of a police officer to intervene established in Byrd. See Webb v. Hiykel, 713 F.2d 405 (8th Cir.1983) (police officer held liable for failing to intervene when a fellow officer, albeit his superior, used excessive force and otherwise unlawfully punished inmate); Putman v. Gerloff, 639 F.2d 415 (8th Cir.1981) (same).
By analogy, plaintiffs argue that nonsupervisory teachers should owe a like duty to students in their schools to protect them from other teachers whom they know present a risk of harm to them. The Court declines to create a police officer type duty for nonsupervisory teachers: Teachers do have the responsibility for the care and welfare of their youthful charges, extending to those children not directly under their control. But this obligation is not congruent with that of a police officer. Police officers, unlike teachers, are entrusted with the duty to enforce the laws. As stated in Byrd, "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office...." 466 F.2d at 11.
The Court finds Soward owed neither a statutory nor a common law duty to plaintiffs. Accordingly, her motion to dismiss is granted.
NOTES
[1] Whether the alleged actions of defendants are sufficient to constitute deprivations of plaintiffs' substantive due process and equal protection rights was not addressed by defendants in their respective motions to dismiss and is accordingly not addressed here.
[2] Unlike an "official policy," a "custom" is a practice of local governmental officials that is not authorized by written law, but which is "so permanent and well-settled ... as to [have] the force of law." Monell, 436 U.S. at 691, 98 S.Ct. at 2036 (citation omitted); Harris, 821 F.2d at 504 n. 7.