STATE ex rel. Ken
BARTHELETTE, Relator,

v.

Honorable James L. SANDERS, Judge,
Circuit Court, St. Louis City,
Respondent.

No. 69999.

Supreme Court of Missouri,
En Banc.

Sept. 13, 1988.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for relator.

Norman A. Selner, St. Louis, for respondent.

RENDLEN, Judge.

This case, presenting issues of "official immunity" and the "public duty" doctrine, arises from the drowning death of Michael J. Brenneisen, a sixteen-year-old boy, while swimming on a Boy Scout expedition in August 1985 at Johnson Shut–Ins State Park. The Black River was swollen during a flash flood and as he swam in the river, Michael was caught by the current and swept to his death. His body was later found caught in a submerged ball of tree roots, and Michael's father, joined by his mother as an intervenor plaintiff, brought a wrongful death action naming the Boy Scouts, the scoutmaster, a park ranger, and relator Ken Barthelette, the Superintendent of Johnson Shut–Ins State Park, as defendants. It was alleged that relator "had a duty to insure the safety of those visiting the Shut–Ins area," and in particular, to warn the boys not to enter the river, to close access to the river and to remove the root ball.

Relator, relying on the public duty doctrine, filed his motion to dismiss for failure to state a claim upon which relief can be granted, which the trial court overruled without prejudice. Relator then sought prohibition in the Missouri Court of Appeals, Eastern District, and failing there, petitioned for a writ in this Court. We issued our preliminary rule prohibiting the trial court from proceeding further against relator, and now make that provisional rule absolute.

The official immunity doctrine protects relator from liability in this case.[1] This long-established doctrine provides that "public officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity." *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). "Whether an act can be characterized as discretionary depends upon the degree of reason and judgment required.... [A] discretionary act requires 'the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or course pursued ...,' [whereas a ministerial act] is one 'of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.'" Id. at 836 (quoting *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. banc 1984)).

A number of the cited cases afford guidance in determining whether *vel non* relator performed a discretionary function in regard to safety precautions on the Black River. *Boucher v. Fuhlbruck*, 26 Conn. Sup. 79, 213 A.2d 455 (1965), is remarkably similar on the facts to the case before us. There a young boy drowned while swimming in a river flowing through a city park, and in the suit for his death, the park superintendent and the director of parks, among other city employees, were named as defendants. The plaintiff, as in the case at bar, alleged that defendants failed to post warnings and to barricade the river. The court held that the defendants' conduct was discretionary, and therefore no duty was owed to the decedent. 213 A.2d at 457.

---

1. Though the public duty doctrine, discussed *infra,* was the basis of relator's motion to dismiss, official immunity has "jurisdictional aspects," *State ex rel. Missouri Department of Agriculture v. McHenry,* 687 S.W.2d 178, 181 (Mo. banc 1985), and thus may properly be raised in this court though not raised below. *See State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 72 (Mo. banc 1982) ("lack of subject matter jurisdiction may be raised at any stage in the proceedings, even for the first time in this Court").

The Missouri Court of Appeals relied heavily on *Boucher* in *Jackson v. Wilson*, 581 S.W.2d 39 (Mo.App.1979), a case in which a swimmer was seriously injured when he dove from a boulder near a swimming area in St. Francois State Park. In his suit against the Director of the Division of Parks and Recreation, Department of Natural Resources, the plaintiff raised several of the same allegations now before us: that the Director failed to post warning signs, that he failed to warn the plaintiff of the danger, and failed to close access to the river. The court held that the complaint was leveled at discretionary conduct protected by the doctrine of official immunity and that the Director's motion to dismiss for failure to state a cause of action was thus appropriately granted.

More recently, in *Cox v. Department of Natural Resources*, 699 S.W.2d 443 (Mo. App.1985), a boy was seriously injured when he dove into a swimming area in a state park and struck his head on a submerged tree stump. The defendants included directors of the Department of Natural Resources and the Division of Parks, as well as an associate director of the Division of Parks, and the court held that these administrators were protected by official immunity. Id. at 446, 448. As to a regional supervisor of the Division of Parks and the superintendents of the park where the incident occurred, the court applied the public duty rule, discussed *infra*, rather than the official immunity doctrine, as the basis for upholding its dismissal of plaintiff's action as to that defendant. Id. at 449.

We hold that relator, as superintendent of the Johnson Shut–Ins State Park, performed a discretionary function in regard to safety measures on the Black River, and is therefore entitled to official immunity, and in so doing find the following language from *Meyer v. Carman*, 271 Wis. 329, 73 N.W.2d 514, 515 (1955), quoted in *Jackson*, 581 S.W.2d at 44, and *Cox*, 699 S.W.2d at 448, persuasive: "[a]t first blush it might appear that the duty to keep [the river] 'safe' is ministerial in character, but it is apparent on closer analysis that a great many circumstances may need to be considered in deciding what action is necessary to do so, and such decisions involve the exercise of judgment or discretion rather than the mere performance of a prescribed task." As this court has previously stated, all those who exercise discretion while acting in an official capacity are entitled to immunity. *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987). *See also Kanagawa*, 685 S.W.2d at 836–37 (official immunity applied to protect the superintendent of prison). Our decision effectuates the central policy underlying official immunity —"society's compelling interest in vigorous and effective administration of public affairs requires that the law protect those individuals who, in the face of imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business." *Kanagawa*, 685 S.W.2d at 836.

■ We also find the public duty doctrine compelling in our conclusion that this action should have been dismissed upon relator's motion. As noted in *Green v. Denison*, 738 S.W.2d at 865, this doctrine is distinct though "somewhat related" to the official immunity doctrine. The public duty doctrine "holds that a public employee may not be held civilly liable for breach of a duty owed to the general public, as distinguished from a duty owed to particular individuals." Id. at 866. A public officer owes a duty to particular individuals when "the law imposes on the officer the performance of ministerial duties in which a private individual has a special, direct, and distinctive interest," and injury results from the breach of such duties. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc 1986) (quoting 67 C.J.S. Officers § 208 (1978)). Like the *Cox* court, which, as noted above, relied on the public duty doctrine in regard to the park superintendents, 699 S.W.2d at 449, we find that relator's duty regarding safety measures was owed to the public at large rather than to the decedent in particular, for the decedent's interest in the safety of the park was indirect and indistinct from that of the public as a whole.

Because relator is immune from suit and owed a duty only to the public in general, prohibition is the appropriate remedy. *Twiehaus*, 706 S.W.2d at 446; *State ex rel. Department of Agriculture v. McHenry*, 687 S.W.2d at 181. As we stated in *McHenry:*

> "Immunity" connotes not only immunity from judgment but also immunity from suit. Immunity claims have jurisdictional aspects. It is not always satisfactory to leave a case pending against a public agency or public officer, with prospects for burdensome discovery and trial, simply because the circuit court has overruled a motion to dismiss. There are undoubtedly cases in which the issue of immunity depends on factual issues which cannot be effectively determined short of trial, but there are also cases in which an initial inquiry may demonstrate that immunity exists as a matter of law, so as to lay the foundation for the issuance of an initial writ.

687 S.W.2d at 181 (citations omitted).

Plaintiffs, on behalf of respondent, argue that prohibition is inappropriate because further discovery is required to determine whether relator had ministerial duties. They hypothesize that the state may have ministerial guidelines which required relator to close the river at certain water levels or to clear hazardous objects from the river. In some cases the courts of appeals have reversed a trial court's dismissal or judgment on the pleadings and have remanded for a determination whether the particular duties of the public officers in question were discretionary or ministerial. *Lynn v. T.I.M.E.-D.C., Inc.*, 710 S.W.2d 359, 361–62 (Mo.App.1986); *Smith v. Lewis*, 669 S.W.2d 558, 563–64 (Mo.App.1983); *Newson v. City of Kansas City*, 606 S.W.2d 487, 491 (Mo.App.1980).

However, for the reasons previously discussed, no further discovery or other fact-finding was necessary to the issue whether relator was entitled to official immunity, and were he not entitled to such immunity, his duty was owed to the general public rather than to the decedent in particular. Plaintiffs' petition therefore does not state a viable theory of recovery, *McHenry*, 687 S.W.2d at 181, and relator was entitled to be dismissed from the suit as a matter of law.

Relator's motion for costs is denied. The preliminary rule in prohibition is made absolute.

All concur.