623 So.2d 761 (1993)
Gloria FREEHAUF, Appellant,
v.
SCHOOL BOARD OF SEMINOLE COUNTY, et al., Appellee.
No. 92-805.
District Court of Appeal of Florida, Fifth District.
August 6, 1993.
Rehearing Denied September 17, 1993.
*762 Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellant.
Ned N. Julian of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellee.
W. SHARP, Judge.
Gloria Freehauf appeals from a final summary judgment which held that the School Board of Seminole County, Florida, was not liable for the injuries suffered by her minor son, Billy, which were caused by the physical abuse and punishments inflicted by Billy's stepmother. The issue in this case is whether the School Board, through Billy's teacher and principal, breached any common law or statutory duty owed to Billy, to report to the Department of Health and Rehabilitative Services numerous incidents of suspected child abuse involving Billy, over a time span of two to three months in 1987. We affirm.
The record in this case is clear that Billy was brutally beaten, bruised and burned by persons in his home during his second grade year. Commencing in September, Billy's teacher, Mrs. Haigh, reported a series of incidents to the school principal, Mr. Townsley. When Billy told Townsley about his beatings by his stepmother, Townsley made one report to HRS. When the investigator went to Billy's home, Billy denied any abuse. HRS concluded the report was unfounded.
However, the evidence of abuse demonstrated by Billy's body and demeanor continued. Haigh reported each incident to Townsley, although he disputed that in part. Neither of them made another report to HRS. A school administrator testified that both should have done so. Haigh testified she was instructed to report only to the principal, and he (under that school's policy) had the discretion to file abuse reports. Townsley disputed Haigh about that school's particular policy.
By December, the abuse increased. Haigh testified she and others at the school "knew" Billy was being abused at home. Late in December, the stepmother broke Billy's femur, resulting in permanent injuries. Child abuse charges were brought against the stepmother and custody of Billy was given to his mother, Freehauf.
This is a compelling case to find that section 415.504 creates a private cause of action for a child victim of abuse.[1] The statute requires various categories of persons,[2] including *763 teachers and other school officials, to report to HRS any knowledge of "or reasonable cause to suspect" that a child is abused or neglected. Any person who "knowingly and willfully" fails to make the report required by section 415.504 may be held guilty of a second degree misdemeanor.[3]
Whether a statute creates a private cause of action for its breach, so that it is appropriate to instruct a jury that its breach is negligence per se, or evidence of negligence, turns on various considerations aimed at resolving what the Legislature intended when it passed the statute in the first place. These considerations are summarized by the Restatement (Second) of Torts Section 286 (1978) which provides:
When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted.
The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
(a) to protect a class of persons which includes the one whose interest is invaded, and
(b) to protect the particular interest which is invaded, and
(c) to protect that interest against the kind of harm which has resulted, and
(d) to protect that interest against the particular hazard from which the harm results.
Section 288 (1978) provides:
When Standard of Conduct Defined by Legislation or Regulation Will Not Be Adopted
The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively
(a) to protect the interests of the state or any subdivision of it as such, or
(b) to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public, or
(c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public, or
(d) to protect a class of persons other than the one whose interests are invaded, or
(d) to protect another interest than the one invaded, or
(f) to protect against any other harm than that which has resulted, or
(g) to protect against any other hazards than that from which the harm has resulted.
These principles and considerations are sufficiently murky and elastic as to make their application to various statutes and situations by the courts irreconcilable, except on a specific category basis. For example, statutes dealing with prohibiting sale of intoxicants to minors are interpreted as creating private causes of action for persons injured by the consequences of the illegal sale, against the sellers. See Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla. 1984). Other statutes intended to protect minors from specific hazards are also construed to create private causes of action. See McGarrity v. Welch Plumbing Co., 104 Wis.2d 414, 312 N.W.2d 37 (Wis. 1981) (minor hurt in hazardous employment contrary to statute); Scott v. Independent School District No. 709, Duluth, 256 N.W.2d 485 (Minn. 1977) (child at school failed to wear safety goggles in school class contrary to statute and lost eye); Baldridge v. Hatcher, 266 So.2d 112 (Fla. 2d DCA 1972) (minor hired in dangerous employment contrary to statute). Children injured while in the custody or under the supervision of a school authority may have common law causes of action for failure to supervise or protect them. See O'Campo v. School Board of Dade County, 589 So.2d 323 *764 (Fla. 3d DCA 1991), rev. denied, 599 So.2d 658 (Fla. 1992); Comuntzis v. Pinellas County School Board, 508 So.2d 750 (Fla. 2d DCA 1987). See also Department of Health and Rehabilitative Services v. Whaley, 574 So.2d 100 (Fla. 1991).
However, in the context of failure to make child abuse reports, contrary to state statutes, the majority of cases in other jurisdictions as well as two other appellate courts in this state which have considered the issue, hold that no private cause of action exists. Fischer v. Metcalf, 543 So.2d 785 (Fla. 3d DCA 1989); 73 A.L.R. 4th Anno. Validity, Consequences and Application of State Statute Requiring Doctor or Other Person to Report Child Abuse § 11(b), at 782.[4] We have found only one case which allowed a suit on this basis, and dictum from another case approving it. See Landeros v. Flood, 17 Cal.3d 399, 551 P.2d 389, 131 Cal. Rptr. 69 (Cal. 1976); Doran v. Priddy, 534 F. Supp. 30 (D.Kan. 1981).
The rationale for not reading into the child abuse reporting statute a private cause of action for its breach is that it would create a large and new field of tort liability beyond what existed at common law without clear legislative direction to do so. Generally, common law evolves and changes slowly by degrees or inches (as it were)  not miles. As the court pointed out in Fischer, the categories of persons required to report have been greatly expanded by revisions to the Florida statute, and the categories of victims have also statutorily expanded. It makes this statute appear more like a statute intended for the safety and welfare of the general public, than one intended to protect an individual or special class of persons, which does not create a private cause of action. Restatement (Second) of Torts § 288; 49 Fla.Jur.2d Statutes § 223. See Cracraft v. City of St. Louis Park, 279 N.W.2d 801 (Minn. 1979).
However, the issue in this case is an important one, and one about which there is legitimate doubt. See Department of Health and Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla. 1988); deJesus v. Seaboard Coast Line RR. Co., 281 So.2d 198 (Fla. 1973). We therefore certify this issue for appropriate consideration by the Florida Supreme Court,[5] and affirm the judgment.
AFFIRMED.
COBB, J., and SANDERS, E.B.P., Associate Judge, concur.
NOTES
[1] C.f. deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973) (violation of statute requiring lights on railroad cars parked near intersection created private cause of action, and was negligence per se); Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla. 3d DCA 1978) (violation of FAA freight loading regulation created private cause of action for crash victim).
[2] Section 415.504, Florida Statutes (1987) provides in part:

415.504 Mandatory reports of child abuse or neglect; mandatory reports of death; abuse registry. 
(1) Any person, including, but not limited to, any:
(a) Physician, osteopath, medical examiner, chiropractor, nurse, or hospital personnel engaged in the admission, examination, care, or treatment of persons;
(b) Health or mental health professional other than one listed in paragraph (a);
(c) Practitioner who relies solely on spiritual means for healing;
(d) School teacher or other school official or personnel;
(e) Social worker, day care center worker, or other professional child care, foster care, residential, or institutional worker; or
(f) Law enforcement officer
who knows, or has reasonable cause to suspect, that a child is an abused or neglected child shall report such knowledge or suspicion to the department in the manner prescribed in subsection (2).
[3] § 415.513(1), Fla. Stat. (1987).
[4] See Thelma D. v. Board of Education of City of St. Louis, 669 F. Supp. 947 (E.D.Mo. 1987); Doe "A" v. Special School District of St. Louis County, 637 F. Supp. 1138 (E.D.Mo. 1986); Kansas State Bank & Trust Co. v. Specialized Transportation Services, Inc., 249 Kan. 348, 819 P.2d 587 (Kan. 1991); Borne by Borne v. Northwest Allen County School Corp., 532 N.E.2d 1196 (Ind. App.3d Dist. 1989).
[5] Fla.R.App.P. 9.030(a)(2)(A)(v).