Stephen B. LETLOW, By and Through his parent and next friend, Terry BACON, individually, and as parent and next friend, Billy Dale Carroll, Jr., by and through his parent and next friend, and Carol J. Carroll, Individually, and as parent and next friend, Plaintiffs,

v.

James A. EVANS, Elaine Brame, and Hume School District Board of Education, Defendants.

No. 93–0568–CV–W–1.

United States District Court, W.D. Missouri, Western Division.

July 15, 1994.

---

Stephen Mirakian, Kansas City, MO, for plaintiffs.

Robert Best, Kansas City, MO, for defendants.

## ORDER

WHIPPLE, District Judge.

Pending before the Court is the motion of Elaine Brame to dismiss Count V of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] After careful consideration of the briefs submitted by the parties, for the reasons set forth below, said motion is granted.

### I.

In ruling on this motion, the Court will assume the truth of all facts alleged in the Complaint, and make all reasonable inferences which may be drawn from those facts in favor of Plaintiffs, the nonmoving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Such a motion is properly granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). With these principles in mind, the Court turns to a brief examination of the facts.

### II.

Plaintiffs are students and parents of students in the Hume School District in Bates County, Missouri. Plaintiffs allege that during 1990 and 1991, James A. Evans ("Evans"), a teacher employed by the school, touched and fondled the plaintiff students on school grounds and sexually assaulted them while off school grounds. Evans was subsequently arrested and entered an Alford plea to first degree sexual assault against the plaintiff students. Plaintiffs' Complaint is in six counts and, in addition to Evans, names as defendants the Hume School District and Elaine Brame ("Brame"), the superintendent and elementary principal for the school.

Count V of the Complaint asserts a claim of negligence per se against Defendant Brame based on an alleged violation of Mo. REV.STAT. § 210.115(1) (1991) ("Statute"), which requires a school official, upon reasonable cause, to report suspected child abuse.[2] Violation of the Statute is punishable as a class A misdemeanor. Mo.REV.STAT. § 210.-165 (1986). Plaintiffs allege that prior to the assaults by Evans against the plaintiff students, "Brame, in her capacity as Principal and School Superintendent, had been informed that Evans had previously sexually assaulted other students under his charge and care, having been personally advised so by such other students' parents and relatives." Plaintiffs also allege that this reporting statute was intended to protect "persons such as Letlow, J.R. Carroll and students of the Hume School and Hume District from the kind of abuse and harm allegedly caused by Evans...."

### III.

Under Missouri law, "[b]efore an act is said to be negligent, there must exist a duty to the individual complaining." *Dix v. Motor Market, Inc.,* 540 S.W.2d 927, 932 (Mo.App.1976). Whether Defendant Brame owed a duty to Plaintiffs under the facts of the case is dependant upon whether the Statute creates only a public duty, or whether it also creates a duty to individuals. *See Parker v. Sherman,* 456 S.W.2d 577 (Mo.1970). Under, the "public duty" rule, public employees are not liable to injured parties for negli-

---

1. Said motion was filed on May 23, 1994. Plaintiff Filed suggestions in opposition on June 16, 1994, to which Defendant Brame filed reply suggestions on June 28, 1994.

2. The Statute reads, in pertinent part, as follows: When any ... teacher, principal or other school official, ... or other person with responsibility for the care of children, has reasonable cause to suspect that a child has been or may be subjected to abuse or neglect or observes a child being subjected to conditions or circumstances which would reasonably result in abuse or neglect, he shall immediately report or cause a report to be made to the [Division of Family Services] in accordance with the provisions of sections 210.110 to 210.-165.

gence arising out of duties owed to the public at large. *Jamierson v. Dale,* 670 S.W.2d 195, 196 (Mo.App.1984). Whether a statute only creates a public duty turns on various considerations aimed at resolving what the state legislature intended when it passed the statute. *See Cort v. Ash,* 422 U.S. 66, 79, 95 S.Ct. 2080, 2088–89, 45 L.Ed.2d 26 (1975); RESTATEMENT (SECOND) OF TORTS, §§ 286, 288 (1978).

■ This is a compelling case to find that the Statute creates a private cause of action. The Statute specifically requires individuals such as Defendant Brame to notify the authorities upon receipt of information concerning sexual abuse of individuals such as the plaintiff students. According to Plaintiffs' Complaint, Defendant Brame had such information and failed to report such, causing Plaintiffs' physical and emotional damage. However, a trio of federal district court cases in Missouri have expressly held that the Statute cannot serve as a basis of a private cause of action. *Thelma D. v. Board of Education of City of St. Louis,* 669 F.Supp. 947, 950 (E.D.Mo.1987) (plaintiffs cannot recover under the Statute which only creates a public duty); *Doe "A" v. Special School District of St. Louis County,* 637 F.Supp. 1138, 1148 (E.D.Mo.1986) (the Statute "creates a duty owed to the general public, not to specific individuals...."); *Nelson v. Freeman,* 537 F.Supp. 602, 607–10 (W.D.Mo.1982) (the Statute "created only a duty to the public and not to individuals, and therefore cannot be said to support a cause of action in favor of individuals.").

Plaintiffs attempt to distinguish those cases by pointing out that those plaintiffs alleged that the defendants had breached duties created by the Statute to report and/or investigate acts of child sex abuse involving those particular plaintiffs. In the case at bar, Plaintiffs allege that Brame had actual knowledge that Evans had sexually assaulted students other than plaintiff students. However, Plaintiffs fail to cite any authorities for such a distinction, and the Court is equally unable to locate such.[3] Accordingly, the Court finds this distinction to be irrelevant when viewed in light of the public purpose of the statute, namely to "encourage the reporting of suspected cases of child abuse...." *Nelson,* 537 F.Supp. at 605.

■ It is clear that these federal cases only provide persuasive authority for Defendant Brame's motion to dismiss. However, while Missouri state courts have not expressly addressed the matter at issue here, a number of such courts have favorably discussed the reasoning and holdings of one or more of these three federal cases. *See State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 445 (Mo. banc 1986); *Sherrill v. Wilson,* 653 S.W.2d 661, 668 (Mo. banc 1983); *Jamierson v. Dale,* 670 S.W.2d 195, 196–97 (Mo.App. 1984). Unless clearly established by the state legislature, it is inappropriate for a court, particularly a federal court, to create a large and new field of state tort liability beyond what existed at common law. *Nelson,* 537 F.Supp. at 610, n. 4; *Freehauf v. School Board of Seminole County,* 623 So.2d 761, 764 (Fla.App.1993).

In granting Defendant Brame's motion, the Court is also influenced by the fact that the vast majority of courts to face this issue across the county have found that reporting statutes such as the one at issue here, do not create a private right of action. *See Freehauf v. School Board of Seminole County,* 623 So.2d 761, 764 (Fla.App.1993); *Marcelletti v. Bathani,* 198 Mich.App. 655, 500 N.W.2d 124, 127 (1993) (civil liability only extends to claims by identified abused child about whom no report was made); *Kansas State Bank v. Specialized Transp. Services,* 249 Kan. 348, 819 P.2d 587, 602–04 (1991); *Cechman v. Travis,* 202 Ga.App. 255, 414 S.E.2d 282, 284 (1991); *Borne v. N.W. Allen County School Corp.,* 532 N.E.2d 1196, 1203

---

**3.** In fact, it appears to the Court that the plaintiffs in *Thelma D., Doe "A",* and *Nelson* had a stronger case for the inapplicability of the public duty rule than do Plaintiffs here. In those cases the failure to report and/or investigate caused direct injury to the complaining parties. In the case at bar, plaintiff students were unidentified members of the public harmed by Defendant Brame's alleged failure to report charges of child abuse upon identified students. *See Marcelletti v. Bathani,* 198 Mich.App. 655, 500 N.W.2d 124, 127 (1993) (duty to report child abuse under the statute runs only to the child allegedly being abused, not to children then unidentified).

(Ind.App.1989); *Owens v. Garfield,* 784 P.2d 1187, 1191–93 (Utah 1989); *Fischer v. Metcalf,* 543 So.2d 785, 790–91 (Fla.App.1989) (en banc). *Contra Landeros v. Flood,* 17 Cal.3d 399, 131 Cal.Rptr. 69, 76–77, 551 P.2d 389, 396–97 (banc 1976); *Williams v. Coleman,* 194 Mich.App. 606, 488 N.W.2d 464, 472 (1992).

## IV.

Accordingly, it is ORDERED that Defendant Brame's motion to dismiss Count V of Plaintiffs' Complaint is GRANTED.