JEANNETTE BOUCHER, ADMINISTRATRIX (ESTATE OF PAUL BOUCHER) *v.* CARL P. FUHLBRUCK ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 139995

Memorandum filed August 13, 1965

*Regnier, Moller & Taylor,* of Hartford, for the plaintiff.

*Kenny, Brimmer & Kenny,* of Hartford, for the demurring defendants Carl P. Fuhlbruck et al.

*Richard W. Shettle,* assistant corporation counsel, for defendants city of Hartford et al.

*William D. Graham,* of Hartford, for defendants Roger J. Sevigny, Lucille L. Sevigny and Joseph Sevigny.

COTTER, J. The plaintiff brings suit as the administratrix of Paul Boucher, a minor of seven years of age who was drowned in a river located on property of the city of Hartford in Pope Park, a public park located in the city. Suit was brought against the city of Hartford and two boys who were playing with the deceased at the time of the unfortunate accident. The parents of both boys were likewise joined as parties defendant. The demurrers were interposed as to the first five counts of the complaint, setting forth allegations of negligence as to the remaining five defendants in their capacity as employees of the city of Hartford, namely, Carl P. Fuhlbruck, foreman of Pope Park, Victor Jarm, city forester, Everett J. Pyle, Sr., assistant super-

intendent of parks, George E. Sullivan, director of recreation, and Robert P. Hunter, director of parks and recreation, taken together with the sixth count, which alleges an intention to bring the cause of action within § 7-465 of the General Statutes and that "said occurrence was not the result of any willful or wanton act of any of said employees." Suit was brought against these defendants as employees of the city in the capacities above set forth. The counts of negligence so alleged against these defendants have to do with allegations such as placing barriers around the river, supervising the river area, posting warning signs, having railings or safety devices along the banks of the river, keeping adjacent areas free of overhanging trees and excessive brush, allowing conditions to exist which attracted minor children to an area used by them for adventure-game play, and otherwise failing to provide adequate supervision or guidance. All of these allegations have to do with supervisory or discretionary functions of these employees of the city.

The maintenance of parks and playgrounds is a governmental function and is usually subject to municipal immunity for negligence. *Epstein* v. *New Haven*, 104 Conn. 283; *Hannon* v. *Waterbury*, 106 Conn. 13 (swimming pool). It has been carefully stated in the case of *Pluhowsky* v. *New Haven*, 151 Conn. 337, 347, that an official of a municipality is not personally liable for acts or omissions occurring in the performance of a governmental function so long as he acts in good faith, in the exercise of an honest judgment, and not maliciously or in abuse of his discretion. The municipality becomes liable only if it is shown that the duties of the employees or officials such as these defendants with respect to the park and the pond or river were "ministerial." "Ministerial" has been interpreted by our courts to mean that our law refers to a duty which is to be

performed by an official in a given state of facts in a prescribed manner without regard to or in the exercise of his own judgment or discretion upon the propriety of the act being done. A ministerial duty might be illustrated in the factual situation where a town clerk must record an instrument. The acts or omissions claimed against the five defendants in this case do not describe ministerial duties which would require them to correct the particular defective conditions alleged. Where the matter is one of supervision or discretion, as it would appear to be in this case, there would be no duty upon the defendants a violation of which would establish negligence and liability on their part. *Stiebitz* v. *Mahoney,* 144 Conn. 443, 446, 447; *Leger* v. *Kelley,* 142 Conn. 585, 590; see Harper & James, Torts § 29.10.

Any duty of which violation was alleged was one owed solely to the public at large and not to the decedent's estate. The qualified immunity of public officers in their supervisory capacities, wherein a varying modicum of discretion is imposed in the exercise of such public office, remains. The specifications of negligence cannot be construed so as to violate ministerial duties owed to the plaintiff.

While the defendants may be liable for their own negligence, the plaintiff, in drafting the complaint, in argument and by submitted brief, claims a good cause of action within § 7-465 of the General Statutes, as amended, which provides for the indemnification for liability for damage caused by the employees of a municipality and which states that governmental immunity shall not be a defense in an action brought under this section. It is agreed the intention of the plaintiff is to seek recovery under this section. Such a waiver in the statute of governmental immunity is in derogation of the com-

mon law and must be strictly construed. *Dennis* v. *Shaw,* 137 Conn. 450, 452. This section provides, inter alia, that the municipality will indemnify an employee for damages he becomes obligated to pay "by reason of the liability imposed upon such employee by law." At the time of the enactment of this statute, the employee would not be liable at law for supervisory or discretionary acts as alleged in the complaint. To so hold would run contrary to the decisions. It would not appear to be the intention of the legislature, by virtue of the passage of § 7-465 as amended, to enlarge the liability of the municipality for the acts or omissions of its employees in causes of action in which they would not formerly have been liable.

Section 7-465 really provides for indemnification by the municipality of the employee's liability and not for the assumption of the liability. It says that the municipality shall pay on behalf of the employee all sums which the employee becomes obligated to pay. See § 19-5a, where the state assumes the liability to the exclusion of the state employee. In construing § 7-465, the plaintiff would have to prove a cause of action and obtain judgment against the municipal employee. Then the employee could either pay the judgment and request reimbursement from the municipality or request the municipality to pay the judgment in his behalf.

A cause of action does not lie in law against the five defendants, Carl P. Fuhlbruck, Victor Jarm, Everett J. Pyle, Sr., George E. Sullivan and Robert P. Hunter, as alleged in counts one through six of the complaint.

The demurrers as to these defendants are sustained.