MAURICE POCH *v.* TOWN OF EAST HARTFORD ET AL.

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 153189

Memorandum filed April 10, 1968

*Leone, Throwe, Teller & Nagle,* of East Hartford, for the plaintiff.

*Jerome T. Malliet,* of Hartford, for the defendants.

GRILLO, J.   The second count of the complaint purports to set forth a cause of action against the defendants Timko and Lewis, sidewalk inspector and building superintendent, respectively, employed by the codefendant municipality, the cardinal ground of negligence being that they failed to perform their duties to inspect and repair the particular area of a defective sidewalk adjacent to the municipal building of the defendant town.   The plaintiff claims that his injuries resulted from a fall.   The substance of the demurrer is to the effect that these duties are supervisory and discretionary, as opposed to being ministerial, and are related to the performance of a governmental function, and that the defendants are therefore insulated from liability.   It is conceded by the plaintiff that the duties are governmental.

Unless the duties of these defendants were ministerial, the plaintiff, even if negligence was proven, could not establish liability on their part. *Pluhowsky* v. *New Haven,* 151 Conn. 337, 348; *Wadsworth* v. *Middletown,* 94 Conn. 435.

That the duties allegedly violated were discretionary as maintained by the defendants via demurrer does not appear on the face of the pleadings. *Van Epps* v. *Redfield,* 68 Conn. 39. Contrary to the contention of the defendants, *Boucher* v. *Fuhlbruck,* 26 Conn. Sup. 79, is not authority for the position advanced by the demurrants. There, park officials and employees of the municipality successfully demurred to the complaint asserting their activities were discretionary. In *Boucher,* however, the plaintiff outlined with such detailed specificity the duties of the defendants that it was patently clear from the pleadings that the duties were fundamentally supervisory and discretionary, thus exculpating the municipal employees from liability for their claimed negligence in performing them. In the instant case, by design or otherwise, the duties are succinctly stated with no indication to be gleaned from the pleading (complaint) as to whether they are ministerial or discretionary in nature: Nor is the plaintiff required to qualify them by description. Neither are the limited (insofar as this action is concerned) functions of the defendants of such a character that the court would be justified in judicially noticing them as encompassing ministerial or discretionary activities. *Masline* v. *New York, N.H. & H.R. Co.,* 95 Conn. 702, 708.

While the court must not pretend to be more ignorant than the rest of mankind, and while the court has a general conception as to the overall duties performed by the defendants, it cannot, without indulging in an unwarranted presumption, cate-

gorize the work relating to the incident set forth in the plaintiff's complaint as being supervisory, discretionary, or ministerial. A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be aided by the assumption of any fact not therein alleged. *Santoro* v. *Kleinberger*, 115 Conn. 631, 633.

To summarize, for the court to accept the claims advanced, attacking the complaint, would be to incorporate a conclusion of fact neither alleged nor reasonably to be deduced from the language of the complaint. The demurrer comes close to being a speaking demurrer. *Blanchard* v. *Nichols*, 135 Conn. 391, 392. At the trial, the considerations which the defendants have urged as reasons to sustain the demurrer will receive, as they well merit, full attention and weight. *Van Epps* v. *Redfield*, 68 Conn. 39, 46. The court's action will necessarily be guided by the trend the evidence takes at the trial. *Carabetta* v. *Meriden*, 145 Conn. 338, 342.

The parties have agreed that the action of the court relative to the demurrer to count two shall be applicable to its determination of the demurrer to count three.

The demurrers to both counts are overruled.