GERARD LAPIERRE ET AL. *v.* TOWN OF BRISTOL ET AL.

SUPERIOR COURT    HARTFORD COUNTY    FILE NOS. 171872, 177485

Memorandum filed November 20, 1974

*Samuel J. Orr,* of Suffield, for the plaintiffs in both cases.

*Kuehn, Fanning, Cavanaugh & Orr,* of West Hartford, for the plaintiffs in case No. 171872.

*Day, Berry & Howard,* of Hartford, for the defendants in case No. 171872.

No appearance for the defendants in case No. 177485.

JOHN F. SHEA, JR., J. The court previously sustained a demurrer to the first count primarily on the ground that the notice provision of § 7-465 of the General Statutes was not complied with. The court also cited the failure on the part of the plaintiffs to allege due care. Following this decision, it was brought to the court's attention that the 1973 session of the General Assembly had passed a special act which purported to validate the late notice given by the plaintiffs. 37 Spec. Acts 41. The court then set aside its previous decision and permitted reargument in view of that special act.

Our Supreme Court has recently reviewed the question of the constitutionality of such special acts. *Hillier* v. *East Hartford,* 167 Conn. 100. In view

of that recent decision, it is not necessary to review further the question in detail. The court in *Hillier,* although holding the validating act unconstitutional in that case, did not overrule *Sanger* v. *Bridgeport,* 124 Conn. 183, which stands as authority for the proposition that under certain circumstances validating acts such as the one under consideration can be constitutional. The case of *Tough* v. *Ives,* 162 Conn. 274, 294, indicated that special acts can be valid "where at most the remedy, rather than the grounds of the action, was affected; where no right of the opposing party was affected; or where the state recognized an honorary obligation so that substantial justice could be realized." The second and third grounds cited above were recognized by the court in upholding the validating act in *Sanger.*

Whether a particular validating act qualifies under the grounds laid down in *Tough* v. *Ives,* supra, is a question of fact to be reviewed in the light of the evidence in each case. Therefore, the constitutionality of the validating act is not a proper question to be raised by demurrer. It may well be that the validating act in this case is unconstitutional, but the matter requires a determination after the reception of evidence.

The defendants have pointed out that the special act, in its final form, refers to § 13a-149 of the General Statutes, rather than to § 7-465, in regard to the requirement of notice. This is a technical error, but the intent of the legislature is clear. The statement of purpose affixed to the act declares that the purpose is to "validate a late notice to the City of Bristol." Sub. for H.B. 8167, 1973 Sess. The court does not consider this defect as fatal.

As previously pointed out, the court, in its earlier decision, cited the failure of the plaintiffs to allege

due care. Upon further consideration, the court is persuaded by the reasoning in *Bailey* v. *Stratford,* 29 Conn. Sup. 73, that such an allegation is not essential in an action under § 7-465.

Even holding as above, in order to overrule the demurrer to the first count consideration must be given to a question raised but not decided in the original decision on this matter. Still to be treated is the question whether it was the intent of the legislature in enacting § 7-465 to expand the liability of municipal employees to situations in which they are performing discretionary duties. Prior to the enactment of this statute, our law was clear to the effect that a public official was not personally liable for acts or omissions in the performance of discretionary, as opposed to ministerial, duties so long as he acted within his authority and was not guilty of bad faith or improper motives. *Pluhowsky* v. *New Haven,* 151 Conn. 337.

Our Supreme Court considered some of the elements of a cause of action under § 7-465 in *Martyn* v. *Donlin,* 148 Conn. 27 and 151 Conn. 402. There was, however, no clear ruling on the question whether this statute enlarged the liability of public officials or municipalities beyond what formerly existed, that is, whether discretionary as well as ministerial acts gave rise to liability.

Section 7-465 provides for indemnification by the municipality of the employee's liability rather than for a direct assumption of liability. The court held in *Bombriant* v. *New Haven,* 25 Conn. Sup. 339, 341, that the statute is "designed to change the common-law immunity accorded to a municipality for the negligence of its employees." In *Boucher* v. *Fuhlbruck,* 26 Conn. Sup. 79, 83, it was, however, held that it was not the intent of the statute "to enlarge the liability of the municipality for the acts

or omissions of its employees in causes of action in which they would not formerly have been liable." The court in *Boucher* would not extend liability to discretionary as well as ministerial duties.

In attempting to determine the intent of the legislature, especially in regard to expanding liability and removing common-law governmental immunity, the court has studied the legislative history of § 7-465. In particular, the report of the judiciary committee of the legislative council has been reviewed. Although § 7-465 was not fully enacted until the 1957 session of the legislature; Public Acts 1957, No. 401; a similar bill was passed in 1955. Public Acts 1955, No. 72. This bill was vetoed by the governor on the ground that it would remove the defense of governmental immunity and expose municipalities to costly damages. Conn. H. Jour., 1955 Sess., pt. 1, p. 846. The proposal was then referred to the legislative council for further study. It recommended passage of the act to the 1957 session of the General Assembly. A review of the report of the legislative council and a study of the wording of the bill convince this court that it was the intention of the legislature to subject municipal employees, and hence municipalities by way of indemnification, to liability for discretionary as well as ministerial acts so long as they were performed within the scope of the employment. Municipalities were, however, not obliged to indemnify for wilful or wanton acts.

Even though the alleged acts of negligence in the case at hand were connected with discretionary rather than ministerial duties, this court feels that there is a possible liability under § 7-465.

For the foregoing reasons, the court reverses its original decision in regard to the first count and overrules the demurrer.