[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#124)
Defendant, City of New Haven, moves to strike the third and fourth counts of the Amended Third-Party Complaint claiming legal insufficiency because the third count alleges a claim based upon CT Page 6677 Connecticut General Statutes 52-577a and the fourth count because of governmental immunity.
On July 20, 1989, plaintiffs Raymond Santopietro Sr. and Raymond Santopietro Jr. filed a two-count complaint sounding in product liability and bystander emotional distress against defendant Cosgrove Construction Company (hereinafter "Cosgrove").
Plaintiffs allege that while attending a softball game Raymond Santopietro, Jr. was struck in the head by a baseball bat that passed through a hole in the backstop. Defendant Cosgrove allegedly manufactured, sold and installed the allegedly defective backstop.
Defendant Cosgrove impleaded subcontractor Webster Webster, Inc. (hereinafter "Webster") and the City of New Haven (hereinafter "New Haven"), and on January 2, 1991 filed a four-count amended third-party complaint.
The third count incorporates the first five paragraphs of the first count which detail the procedural history of the instant case, and describe the allegations of the first-party complaint. These paragraphs also allege that third-party plaintiff Cosgrove was the general contractor for a renovation of East Shore Park which included installing the backstop in question, and that third-party plaintiff Cosgrove subcontracted the furnishing and installation of the backstop to third-party defendant Webster. The third count further alleges that New Haven is responsible for maintenance, service and repair of said backstop and therefore pursuant to Connecticut General Statutes 52-577a, New Haven, not Cosgrove, is liable to the plaintiffs, and that New Haven is responsible for all or part of the plaintiffs' claim.
The fourth count incorporates the first five paragraphs of the first count and alleges that New Haven's negligence directly caused plaintiffs' injuries. The count further alleges that New Haven, and not Cosgrove, controlled factors leading to plaintiffs' injuries and that Cosgrove did not know of New Haven's negligence, had no reason to anticipate it, and could reasonably have relied on New Haven not to act in a negligent manner. Cosgrove claims indemnification and attorney fees.
New Haven moves to strike count three of the third-party complaint on the ground of legal insufficiency, asserting that Connecticut General Statutes 52-577a does not provide for a cause of action, but merely contains the limitation of an action based on a product liability claim. New Haven further argues that count three does not sufficiently allege a product liability claim against New Haven. CT Page 6678
Cosgrove objects to New Haven's motion to strike count three contending that it is not asserting a product liability claim against New Haven, but merely alleging an action for indemnification "within the context of a product liability claim."
 Conn. Gen. Stat. 52-577a provides: [i]n any [product liability] action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint with one year from the date the cause of action brought under subsection (a) of this section is returned to court. Conn. Gen. Stat. 52-577a.
Although Connecticut General Statutes 52-577a merely provides the statutory limitation period for an impleader in a product liability action, the court will not strike the count if it otherwise alleges a legally sufficient cause of action.
Cosgrove argues in its memorandum of law that it is bringing an action for contribution/indemnification within the context of a product liability claim in the third count, and is asking for such indemnification in its prayer for relief.
"[C]ommon law indemnification continues as a viable cause of action in the context of product liability claims. . . ." Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198 (1989). A plaintiff seeking indemnification in the context of the instant case must establish:
(1) that the other tortfeasor was negligent;
 (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries;
 (3) that he was in control of the situation to the exclusion of the plaintiff; and
 (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698 (1988).
The third count, alleging that New Haven, and not Cosgrove, is liable to the plaintiffs in that New Haven: (1) collected a fee from softball leagues using the field and backstop; (2) was CT Page 6679 responsible for inspecting, maintaining and repairing the backstop from its installation in 1980 until the date of injury, and (3) was responsible for warning the plaintiffs of any potential danger, does not sufficiently allege facts to satisfy the elements of a claim for indemnification within the context of a product liability claim.
New Haven moves to strike the fourth count of the amended third-party complaint as being legally insufficient in that New Haven is immune from liability for its negligence under the doctrine of governmental immunity. Cosgrove argues that governmental immunity does not apply in the instant action in that New Haven's conduct was ministerial/proprietary, rather than the performance of a governmental function.
"A suit against a municipality is not a suit against a sovereign. Towns have no sovereign immunity, and are `capable of suing and being sued . . . in any action.' (Citation omitted)." Murphy v. Ives, 151 Conn. 259, 264 (1963). "Connecticut municipalities do, however, enjoy limited governmental immunity from liability for their tortious acts or omissions." Nunes v. Blake Bus Service, Inc., 3 CTLR 149 (January 4, 1991, Mancini, J.) citing Ryskiewicz v. New Britain, 193 Conn. 589, 593 (1984).
 A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. See, e.g., Spitzer v. Waterbury, 113 Conn. 84, 87, . . . (1931); Richmond v. Norwich, 96 Conn. 582, 588, . . . (1921); Boucher v. Fuhlbruck, 26 Conn. Sup. 79, 82, 213 . . . (1965). On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. (Citations omitted).
Gauvin v. New Haven, 187 Conn. 180, 184 (1982).
Under most circumstances the defense of governmental immunity must be specially pleaded according to Conn. Practice Bk. 164. Id.
However if:
 it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the CT Page 6680 plaintiff, the defendant was not required to plead governmental immunity as a special defense and could attack the legal sufficiency of the complaint through a motion to strike. Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987).
The fourth count alleges that New Haven was negligent in that it failed to inspect, maintain or repair the backstop, or warn the plaintiffs. The count also alleges that New Haven's negligence directly caused the plaintiffs' injuries. It further alleges that New Haven, and not Cosgrove, controlled factors leading to plaintiffs' injuries and that Cosgrove did not know of New Haven's negligence, had no reason to anticipate it, and could reasonably have relied on New Haven not to act in a negligent manner.
It is not apparent from the face of the complaint that New Haven was engaging in a governmental function while performing or failing to perform acts alleged in the fourth count. "[A] demurrer [motion to strike] raising a question in part dependent upon facts to be proven fails." McCarthy v. New Britain,22 Conn. Sup. 456, 457 (Super.Ct. 1961).
Accordingly, the Motion to Strike Count Three is granted and the Motion to Strike Count Four is denied.
SCHIMELMAN, Judge