[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is an action by plaintiff Allen Jackson against defendants F. Borysevicz and the Town of Manchester, seeking damages for injuries incurred by the plaintiff allegedly as the result of an assault committed by defendant Borysevicz. In a three-count complaint filed on August 20, 1990, the plaintiff alleges that on February 17, 1990, at approximately 2:00 a.m., after having engaged the Manchester police in a high speed chase, he lost control of his car and struck a guardrail on I-84. He further alleges that defendant Borysevicz, a police officer employed by the defendant Town and acting in his official capacity and under color of law, was assigned to assist in the pursuit of the plaintiff. Borysevicz allegedly approached Jackson after the collision, and through the use of excessive force assaulted him in a variety of ways, including striking him on the head with a hard object, striking him while he was handcuffed, and striking him while he was caught in the wreckage of his car and unable to move. Plaintiff alleges that as a result of defendant Borysevicz's conduct he suffered injuries to this left eye and the left side of his face; was unable to pursue his usual course of employments; and incurred expenses for medical care.
The first count sounds in assault and batter. The second count alleges violations of the fourth, fifth andfourteenth amendments to the United States Constitution and42 U.S.C 1981, 1983 and 1988. The third count alleges that the injuries to Jackson were caused by Borysevicz's negligence, CT Page 6579 in that he: used unreasonable excessive force in light of the circumstances; failed to provide notice or warning to the plaintiff of the force he in fact employed; failed to discover that plaintiff was entangled in the car and could not present any physical harm to him; failed to summon assistance before striking the plaintiff; and failed to summon assistance before striking the plaintiff; and failed to reasonable explore alternative and less violent means of placing plaintiff in custody. In each of the three counts plaintiff alleges that notice of intent to sue Borysevicz was provided to the Town in accordance with Conn. Gen. Stat. 7-0465.
The defendants answered the complaint on February 27, 1991, and pleaded three special defenses to count one, two special defenses to count two, one special defense to count three, and two special defenses "as to all counts." The plaintiff now moves to strike the first and second special defenses to count one; the first and second special defenses to count two; and the first and second special defenses "as to all counts." Defendants have objected to the motion to strike, and both sides have filed memoranda of law supporting their positions. At oral argument before the court on April 29, 1991, the defendants agreed to the granting of the motion as it pertains to the first special defense to count two.
 II.
A motion to strike is the proper means to contest the legal sufficiency of a special defense. Conn. Practice Bk. 152(5) (rev'd. to 1978, updated to 1991).
As to Count One
The first special defense alleges that
 Any injuries, loses or damages which the plaintiff claims to have suffered as a result of the incident alleged in his Complaint were directly and proximately caused by his own misconduct, initiated by him, and all action taken by the defendant, P. Borysevicz, were to control the plaintiff's improper actions.
The second special defense alleges that
 At all times referred to in the complaint, the defendant, P. Borysevicz, was proceeding pursuant to authority as a law enforcement officer of the Town of CT Page 6580 Manchester, who made reasonable requests and issued appropriate orders to the plaintiff to which he refused to respond, but, on the contrary, provoked whatever actions were taken by the defendant, P. Borysevicz.
The plaintiff argues in his memorandum of law that "[t]he substance of [these special defenses] are various forms of contributory negligence despite their failure to actually use the phrase", and as such they cannot be defenses to a claim sounding in the intentional tort of assault. Defendant argues in response that the first special defense alleges the privilege of self-defense, while the second special defense "is proper because the Connecticut Supreme Court has recognized that provocation is relevant to the issue of punitive damages." It is found that the defendant has pled sufficient facts in the special defenses to count one to make clear what defenses are being asserted, namely self-defense and provocation. Therefore, the motion to strike these defenses is denied.
As to Count Two
The second special defense to count two alleges
 At all times relevant hereto; the defendant, P. Borysevicz, was acting as a law enforcement officer of the defendant, town of Manchester and was involved in the exercise of discretionary duties, and his actions were objectively reasonable and did not violate any clearly established constitutional or statutory right of the plaintiff and he is entitled to qualified immunity as to the plaintiff's claims as a result.
The plaintiff argues that in civil rights actions brought under 42 U.S.C. § 1983 no distinction is made between discretionary and ministerial duties, therefore this special defense should be stricken.
 Government officials performing discretionary functions are shielded from personal liability `insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' (citation omitted). Even CT Page 6581 where the laws is `clearly established' and the scope of an official's permissible conduct is clearly defined' the qualified immunity defense also protects and official if it was `objectively reasonable' for him at the time of the challenged action to believe his acts were lawful.
Warren v. Dwyer, 906 F.2d 70, 74 (2nd Cir. 1990). The second special defense sufficiently pleads the defense of qualified immunity, and the motion to strike as to that defense is denied.
As to All Counts
The first special defense alleges that:
 At all times alleged herein, the defendant, P. Borysevicz, was engaged in discretionary activities as a law enforcement officer of the Town of Manchester and was performing public duties as a part of his governmental function and is immune from liability as a result. If such immunity is established, then the Town of Manchester is also immune from liability as its liability herein is derivative and predicated only upon any liability established as to its employee, P. Borysevicz.
The second special defense alleges that: "The defense of government immunity is available to the defendant, Town of Manchester." The plaintiff argues that "[t]he distinction between discretionary ministerial duties is no longer the controlling factor in determining public official or municipal liability under C.G.S. Section 7-465 (1983)." In support of this argument, the plaintiff cites Lapierre v. Bristol, 31 Conn. Sup. 442 (Super.Ct. 1974).
"Connecticut has not abolished governmental immunity." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 183
(1988); see also Conn. Gen. Stat. 52-557n(a)(2)(B) (rev'd to 1991). "[O]fficials who undertake discretionary actions are immune from civil liability." Gordon, 208 Conn. at 167. A plaintiff bringing suit under Conn. Gen. Stat. 7-465 must first prove the municipal employee's duty to the individual injured. Wu v. Fairfield, 204 Conn. 435, 438 (1987). Therefore, the first special defense as to all counts alleges a valid defense and the plaintiff's motion to strike is denied. CT Page 6582
It is further held that the second special defense as pled asserts sufficient facts to support a defense of government immunity. The claim against the municipal defendant is via respondeat superior or a statutory indemnification pursuant to Conn. Gen. Stat. 7-465.
Accordingly, the motion to strike said special defense is also denied. By agreement the Motion to Strike the first special defense to Count Two is granted.
STENGEL, J.