[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Michael and Jane Doherty, have filed a two count complaint against the City of Ansonia and Joseph Maffeo, the superintendent of the department of public works of Ansonia. The complaint alleges that a rotten oak tree, located on property controlled and maintained by the city, fell on the plaintiffs' home, damaging the home and causing personal injuries to Michael Doherty and other consequential and property losses to both Michael and Jane Doherty. In count one of the complaint, negligence against Joseph Maffeo is alleged based on, inter alia, the failure to properly inspect, remove or repair the tree and the failure to warn the plaintiffs of the dangerous condition of the tree. In count two, the plaintiffs allege that the city of Ansonia is liable for any damages for which their employee, Joseph Maffeo, may be liable, pursuant to General Statutes § 7-465. The defendants have filed an answer, denying the allegations of the complaint. The defendants have also raised two special defenses. The defendants claim that the plaintiffs were contributorily negligent for not notifying the defendants of the condition of the tree and that the action is barred by the doctrine of governmental immunity.
The defendants have moved for summary judgment. The defendants claim that any duty of Joseph Maffeo, with respect to the oak tree which fell on the plaintiff's home, was a public duty. In addition, any decision to remove the tree would have involved the use of discretion. In general, municipal employees are immune from liability for the performance of public duties which are discretionary. A memorandum and the affidavit of Joseph Maffeo is filed in support of the motion. The plaintiff, claim that the actions of Joseph Maffeo were ministerial, not discretionary. If found to be discretionary, however, the plaintiffs claim that an CT Page 14314 exception applies, which makes a municipal employee liable for the failure to act which subjects an identifiable person to imminent harm. The plaintiffs have filed a memorandum and the affidavit of Michael Doherty in opposition to the motion.[1]
"A party raising the special defense of governmental immunity may properly bring a motion for summary judgment on that basis." Marceau v.Norwich, 46 Conn. Sup. 197, 200, 746 A.2d 836 (1999). Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Appleton v. Board of Education, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) UnitedOil Co. v. Urban Development Commission, 158 Conn. 364, 379, 260 A.2d 596
(1969).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, supra, 254 Conn. 209.
As creatures of the state, towns and cities have no sovereign immunity. "Sovereign immunity from tort liability originates from the early feudal concept that the king can do no wrong." Giannitti v.Stamford, 25 Conn. App. 67, 79, 593 A.2d 140, cert. denied, 220 Conn. 918,597 A.2d 333 (1991). "A suit against a municipality [however] is not a suit against a sovereign. Towns have no sovereign immunity, and are capable of suing and being sued . . . in any action. " (Internal quotation marks omitted; citations omitted.) Murphy v. Ives, 151 Conn. 259, 264,196 A.2d 596 (1963). Municipalities do, however, have a limited form of CT Page 14315 court-made governmental immunity when engaged in a governmental function. "Municipal immunity is generally described as a court made rule and has its origins in the case of Russell v. Men of Devon,
100 Eng. Rep. 359 (1788)." Giannitti v. Stamford, supra, 79.[2]
The Connecticut Supreme Court has stated "municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion. "Elliott v. Waterbury, 245 Conn. 385, 411, 715 A.2d 27 (1998). In defining what is a governmental act, the court begins with the "public duty doctrine" which distinguishes public duties from so-called private duties. See Shore v. Stonington, 187 Conn. 147, 152, 444 A.2d 1379
(1982); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 166,544 A.2d 1185 (1988). "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages."Leger v. Kelley, 142 Conn. 585, 589-90, 116 A.2d 429 (1955). "In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the faction] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." Romanv. Stamford, 16 Conn. App. 213, 220, 547 A.2d 97 (1988), aff'd,211 Conn. 396, 559 A.2d 710 (1989). Therefore, if a private duty is involved, an individual can bring a private action against the municipal employee. If a public duty is involved, however, further analysis of the type of public duty is necessary.
If the duty involved is a public duty, "the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary. When municipalities are engaged in proprietary or ministerial activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities." Roman v. Stamford, supra,16 Conn. App. 221; see also Elliott v. Waterbury, supra, 245 Conn. 411. A municipal official has a qualified immunity in the performance of a governmental, or discretionary duty, but he may be liable if he misperforms a ministerial act. Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989). "[A]lthough the public duty doctrine provides the CT Page 14316 starting point of analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. Bridgeport, supra,208 Conn. 170. In fact, "[t]he public/private duty distinction and the ministerial/discretionary test may appear to overlap. " Id., 168. "The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. " Colon v. City of New Haven, 60 Conn. App. 178,181, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000);Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 167-68. "Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted.) Colon v. City of New Haven, supra, 181. The court finds that the decision by Joseph Maffeo whether to prune, cut, or in any other manner provide for the care of the trees within his charge in the city of Ansonia was a discretionary act and not merely a ministerial act.[3] See Amos v. Strickland, judicial district of Hartford/New Britain at Hartford, Docket No. 564328 (April 1, 1997, Hennessey, J.);Boucher v. Fuhlbruck, 26 Conn. Sup. 79, 81, 213 A.2d 455 (1965). Certainly the decision by Joseph Maffeo as to what action, if any, to take concerning the condition of trees involved the use of judgment and discretion.
In that the court has found that the action of Joseph Maffeo was discretionary, the defendants would ordinarily be immune from liability unless the action fell within an exception to the rule that a municipal employee may not be held liable for his discretionary acts. There are "three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Colon v.City of New Haven, supra, 60 Conn. App. 180-81; Evon v. Andrews, supra,211 Conn. 505.
The plaintiffs claim that Joseph Maffeo's failure to act falls under the "identifiable person/imminent harm" exception to the doctrine of governmental immunity.[4] For this exception to apply, the plaintiff must allege facts sufficient to support a finding both that the plaintiff's here identifiable persons and that the plaintiffs were subject to imminent harm. Shore v. Stonington, supra, 187 Conn. 156. The CT Page 14317 "identifiable person" aspect of this exception has been construed "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994). Under the "imminent harm" aspect of this exception, any dangerous condition must be more than something which "could have occurred at any future time or not at all" and must not depend on a "wide range of factors" before the harm occurs. See Evon v.Andrews, supra, 211 Conn. 508. The prospect of harm should be significant, forseeable and limited in duration and geographical area. See Purzycki v. Fairfield, 244 Conn. 101, 110, 708 A.2d 937 (1998).
As to the identifiable person aspect of the exception, it is clear that the plaintiffs would not be an identifiable person, or an identifiable class of foreseeable victims, if they were either unfortunate persons driving in a vehicle or pedestrians walking along a sidewalk who happened to be struck by a falling tree limb. Roman v. Stamford, supra,16 Conn. App. 213; Amos v. Strickland, supra, Superior Court, Docket No. 564328. Mere travelers on a particular road do not present identifiable persons or an identifiable class of persons.[5] The plaintiffs, however, have pleaded that they were the owners of a home located adjacent to an old rotten oak tree. In the affidavit of Michael Doherty, submitted in opposition to the motion for summary judgment, the plaintiff states that he personally advised the defendant of the dangerous condition of the tree, most recently in May of 1996, only five months prior to the tree falling on the plaintiffs' home. In the defendant's responses to the plaintiff's request for admissions, contained as part of the file in this matter, the defendant denies that this warning took place. In the request for admissions the defendant does admit that the tree was located within the city's taking line, was under the city's control and that Joseph Maffeo was responsible for its removal.
Viewing the evidence in the light most favorable to the plaintiff,Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000), a genuine issue of material fact exists whether the plaintiffs were "identifiable persons" under this exception. This case is distinguishable from the usual fact pattern where liability is sought against a town officer for failure to protect the public in general, due to improper maintenance of trees abutting a roadway or walkway. The plaintiff has alleged improper maintenance of a particular tree under the control of the town after receiving prior notice as to the danger this tree posed to these particular plaintiffs. The presence of notice or lack thereof is one material fact which is at issue.
As to the imminency of harm aspect of the exception, a genuine issue of fact exists as to the actual condition of the tree. The court notes that this very well may have been a situation which "could have occurred at CT Page 14318 any future time or not at all." Evon v. Andrews, supra, 211 Conn. 508. In addition, the plaintiffs also face a great burden to show that the potential for harm was significant, foreseeable and limited in duration and geographical area. Purzycki v. Fairfield, supra, 244 Conn. 110. Viewed in the light most favorable to the plaintiff, the actual condition of the tree, however, may have been such that it posed a threat of imminent harm, particularly in light of the fact that it fell only five months after the defendant was warned of its condition, as alleged by the plaintiff. See Amos v. Strickland, supra, Superior Court, Docket No. 564328, n. 5. A genuine issue of fact exists as to the imminency of harm.
As the plaintiffs have established that there are genuine issues of material fact concerning the applicability of an exception to the rule barring liability of the defendants on the grounds of governmental immunity, the defendants' motion for summary judgment is denied.[6]
The Court
By
Moran, J.